**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (State Bar No. 259178)
6167 Bristol Parkway
Suite 200
Culver City, California 90230
Telephone: 310-997-0471
Facsimile: 866-286-8433
E-Mail: nick@wajdalawgroup.com
*Attorney for the Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARREN MCFERREN,<br><br>Plaintiff,<br><br>v.<br><br>APRIA HEALTHCARE GROUP, INC.,<br><br>Defendant. | Case No. 8:20-cv-01848<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ*.**<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

**NOW COMES** Plaintiff, WARREN MCFERREN, through undersigned counsel, complaining of Defendant, APRIA HEALTHCARE GROUP, INC. as follows:

## NATURE OF THE ACTION

1.  This is an action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*.

## JURISDICTION AND VENUE

2.  The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.  Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(1).

## PARTIES

4.  WARREN MCFERREN ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Hammond, Indiana.

5. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

6. APRIA HEALTHCARE GROUP, INC. ("Defendant") is a medical service provider and "operates more than 290 service locations throughout the United States and serves more than 2 million patients each year"[1]. Defendant serves patients in the State of Indiana.

7. Defendant has its principal place of business at 26220 Enterprise Course, Lake Forest, California 92630.

8. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

9. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 4510.

10. At all times relevant, Plaintiff's number ending in 4510 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

11. At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

12. In or around April 2020, Plaintiff began to receive unwanted telephone calls from Defendant to his cellular telephone.

13. In the calls in which Plaintiff answered, Plaintiff was met with a lengthy pause and was required to say hello numerous times before being greeted by a live representative.

14. Once connected with a live representative, Plaintiff learned Defendant was calling to collect on alleged unpaid medical services.

15. Plaintiff immediately requested that the calls cease.

16. Despite Plaintiff's unambiguous request that Defendant cease contacting him, Defendant continued placing unwanted and *unconsented to* phone calls to Plaintiff's cellular phone.

---

[1] https://www.apria.com/about/ (Last accessed September 23, 2020)

17. Frustrated with the onslaught of telephone calls, Plaintiff answered another call from Defendant on or around August 10, 2020 and requested that the calls cease yet again.

18. In spite of Plaintiff's multiple requests that these calls stop, Plaintiff continues to receive phone calls from numbers leading back to Defendant – including but not limited to, (971) 217-9927.

19. In total, Defendant placed over 30 unwanted and *unconsented* to telephone calls to Plaintiff's cellular phone after Plaintiff requested that the Defendant cease contact with him.

## DAMAGES

20. Plaintiff significantly values his privacy and solitude.

21. Defendant's constant harassing phone calls have severely disrupted Plaintiff's everyday life and overall well-being.

22. Defendant's phone calls have invaded Plaintiff's privacy and have caused Plaintiff actual harm, including but not limited to, aggravation that accompanies unsolicited phone calls, increased risk of personal injury resulting from the distraction caused by the phone calls, wear and tear to Plaintiff's cellular phone, temporary loss of use of Plaintiff's cellular phone while Plaintiff's cellular phone was ringing, loss of battery charge, loss of concentration, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

## CLAIMS FOR RELIEF

**COUNT I:**
**Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq*.)**

23. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

24. The TCPA prohibits phone calls to a cellular phone using an automatic telephone system ("ATDS") without the consent of the recipient. 47 U.S.C. §227(b)(1)(A).

25. The TCPA defines ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

26. Upon information and belief, the ATDS employed by Defendant has the capacity – (A) to store numbers to be called; and (B) to dial such numbers.  See *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1053 (9th Cir. 2018) ("the statutory definition of ATDS is not limited to devices with the capacity to call numbers produced by a 'random or sequential number generator,' but also includes devices with the capacity to dial stored numbers automatically.").

27. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular telephone, utilizing an ATDS, without Plaintiff's consent. See 47 U.S.C. § 227 (b)(1)(A)(iii).

28. As pled above, Plaintiff was harmed by Defendant's harassing phone calls to his cellular phone.

29. Upon information and belief, Defendant does not have policies and procedures to ensure compliance with the TCPA.

30. As pled above, it is clear that Defendant knew it did not have consent to contact Plaintiff on his cellular phone, but did so in utter disregard of the TCPA.

31. Upon information and belief, Defendant continued their call campaign against Plaintiff in order to increase their profits.

32. As a result of Defendant's violations of the TCPA, Plaintiff is entitled to receive $500.00 in damages for each such violation.

33. As a result of Defendant's knowing and willful violations of the TCPA, Plaintiff is entitled to receive up to $1,500.00 in treble damages for each such violation.

**WHEREFORE**, Plaintiff requests the following relief:

A. an order finding that Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii);

    B.     an order enjoining Defendant from placing further violating phone calls;

    C.     an award of $500.00 in damages to Plaintiff for each such violation;

    D.     an award of treble damages of up to $1,500.00 to Plaintiff for each such violation; and

    E.     an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demand a trial by jury of any and all issues in this action so triable of right.

DATED: September 24, 2020

Respectfully submitted,

WARREN MCFERREN

By: /s/ Nicholas M. Wajda
Nicholas M. Wajda
**WAJDA LAW GROUP, APC**
6167 Bristol Parkway, Suite 200
Culver City, California 90230
Telephone: 310-997-0471
Facsimile: 866-286-8433
E-mail: nick@wajdalawgroup.com